UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES GASTON                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO.4:08CV38-MPM-JAD

ROOSEVELT ROACH, et al.                                                                    DEFENDANTS

REPORT AND RECOMMENDATION

James Gaston has filed suit against Roosevelt Roach, Lawrence Williams and the Greenwood Police Department. The City of Greenwood recognizing the complaint is properly against it and not the police department[1] has filed a motion to dismiss or for summary judgment. Roach and Williams have moved to dismiss asserting that the court lacks subject matter jurisdiction and that the plaintiff has failed to state a claim against them.

SUMMARY JUDGMENT AND RULE 12(B)(6)STANDARDS

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

---

[1] *Darby v. Pasadena Police Department,* 939 F.2d 311, 313 (5th Cir.1991).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986)). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). *Little v. Liquid Air Corp.* at 1075.[2] "A dispute

---

[2] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

2

regarding a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d. 202(1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

A motion to dismiss for failure to state a claim under Fed. R. Civ.P.12(b)(6) "is viewed with disfavor and is rarely granted." *Lowry v. Texas A&M University System*, 117 F.3d 242, 247 (5th Ci. 1997). In reviewing a Rule(12)(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id*.; *Spivey v.Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 2659 (2000). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor the plaintiff. *Lowery*, 117 F.3d at 247. "'Under the Rule 12(b)(6) standard, a plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face.' " *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). " 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' *Id.* at 1965. (quotation marks, citations, and footnote omitted)." *Marcus v. Epps*, 278 Fed.Appx. 350 (5th Cir. May 14, 2008) The plaintiff must plead specific facts, not mere

3

conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992) *Id.* at ¶ 1.

## THE COMPLAINT AND THE RECORD

Except as otherwise noted the statement of facts is from Gaston's complaint. Roach, an off-duty police officer with the City of Greenwood, Mississippi caught Gaston inside a small storage unit in Leflore County, Mississippi, outside the city limits of Greenwood. Roach held a gun on Gaston, forcing him to lie on the floor and handcuffing his hands behind his back. Roach then called a woman on his cell phone asking for forgiveness for what he was about to do. Roach put the gun to Gaston's head as if he meant to shoot Gaston. Gaston begged Roach not to kill him. Roach then called in Williams, another officer from the area. After Williams arrived, Roach began to beat Gaston with his fists and gun. Williams told Roach to stop but he did not. Williams did not intervene to stop the beating. Roach then called the Leflore County Sheriff's Department who took Gaston into custody. Gaston says that he was treated for injuries to his head, face and back at the Leflore County hospital.

The only other source of information about the incident is the statement of the defendant Lawrence Williams given to the Leflore County Sheriffs Department and attached to the City of Greenwood's motion. Lawrence's statement reveals that he lived directly next door to a Sgt. Demetrice Bedell, who was out of town. Roach lived directly behind Bedell. He noted a history of auto burglaries in the neighborhood. He got a call from Roach calling for assistance, because "he got one on the ground at Bedell's house. I need your help. I caught him in Bedell's storage shed." Williams, who had been in bed, dressed and ran to the location. He found Roach, whom he consistently refers to as Ofc. Roach, standing next to a black male lying on the floor of the storage

4

unit. He then recounts Roach's account of seeing a male riding a bike down the road and observing him on Bedell's property. According to Williams, Roach questioned the man about his name and was told that his name was James Walker. Williams searched the man's pockets and found an MDOC inmate ID for James Gaston with the man's picture on the ID. Roach indicated to Williams that the sheriff's department was already on the way. Williams claims that he got the handcuffs from the sheriff's deputies and that he then handcuffed Gaston. The deputies took custody of Gaston.

The City of Greenwood has filed a motion to dismiss and/or for summary judgment (Doc. 26). The individual defendants have filed a motion to dismiss for failure to state a claim against them and for lack of subject matter jurisdiction. Both the individual defendants and the City of Greenwood contend that Gaston has failed to state a claim under 42 U.S.C. § 1983 because the individual officers were by Gaston's complaint both off-duty and outside the city limits of the City of Greenwood at the time of the incident. Additionally the City of Greenwood argues that even if the defendants were acting under color of law, it has no liability. Gaston has filed no response in opposition to these motions.

## THE CITY OF GREENWOOD

In a § 1983 action the employers and supervisors cannot be held liable for the actions of police officers prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978). The city is only liable if the plaintiff shows that some policy or custom of the city proximately caused the plaintiff's injury. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995). Plaintiff has alleged no facts to indicate that any policy-making officials for the city implemented an official policy that

caused the alleged constitutional violation, nor has he established a persistent pattern of conduct by city officials that caused the alleged constitutional violation. The City of Greenwood's motion for summary judgment should be granted.

## OFFICERS ROACH AND WILLIAMS

Liberally construed Gaston's complaint seeks relief against the defendants in this action under 42 U.S.C. § 1983. Section 1983 provides a vehicle for vindicating the violation of an individual's constitutional rights where those rights are violated by an individual acting under color of law. The defendants assert that because both named defendants were off-duty and outside of Greenwood that they necessarily could not be acting under color of law.

The case law does not support any assertion that a police officer's duty status is determinative of whether his actions are 'under color of law.' The actions of police officers may well be under color of law, though they are off-duty. *Lewis v. Dillard's Inc.*, 2005 WL 354010 (E.D. Tex. Feb. 5, 2005)(off-duty police officer employed by Dillard's was acting under color of law when he detained a customer for suspected shoplifting and therefore his private employer had no liability for his actions); *Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir.1980)(The evidence supported a finding that an officer on vacation at the time of a shooting was acting under color of law. The officer met the man he shot while on duty and came into conflict with him during the course of a domestic dispute. The victim then called the dispatcher threatening the officer. The shooting occurred when the victim approached the officer while he was in his car with his wife. The officer shot the victim with his service revolver which was his personal property and which he was authorized but not required to carry only because he was a law enforcement officer). At other times the actions of on-duty police officers, because unrelated to their duties, are not under color of law. *Delcambre v.*

*Delcambre*, 635 F.2d 407 (5th Cir.1981) (per curiam)(chief of police was not liable under civil rights statute for altercation that took place at the police station with his sister-in-law which involved family and political matters.); *Townsend v. Moya*, 291 F.3d 859 (5th Cir. 2002)(Where inmate was stabbed in the buttocks during horseplay between him and a corrections officer, the officer was not acting under color of law.); Nor is the garb, whether uniform or personal clothes determinative. *See generally, Delacambre*. Likewise whether officers are acting with actual authority, apparent authority or in abuse of their authority is not necessarily determinative. *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L. Ed 1368 ( 1941)("Misuse of power, possessed by virtue of state law and made possible only because wrongdoers is clothed with the authority of state law, is action taken 'under color of' state law.") *Screws v. United States*, 325 U.S. 91, 111, 65 S Ct. 1031, 1040, 89 L.Ed. 1495 (1944) ("[U]nder color of law means under pretense of law")

The actions of Roach in taking it upon himself to investigate what he considered suspicious circumstances is consistent with conduct by a law enforcement officer as is the use of a gun, though the complaint does not reveal whether this was a service revolver or a personal weapon. Also consistent with an implication that Roach was acting in a law enforcement capacity is his act in calling for backup from another law enforcement officer, choosing the one closest to him, though the second officer was also admittedly off-duty. Either Roach hand-cuffed Gaston with hand cuffs, something one does not expect to find in the possession of private citizens, or Williams hand-cuffed Gaston with hand cuffs provided by the Leflore County deputies, a task not normally delegated to private citizens by law enforcement. These officers by the defendants' account began questioning Gaston and Williams searched his pockets to determine his identity. These are actions typically expected of law enforcement officers acting as law enforcement officers. There is nothing in the

7

complaint to indicate that these defendants had any personal knowledge of Gaston or any motive to come in contact with him other than their desire to catch a criminal. There are sufficient allegations to support a finding that these defendants acted under color of law. It is for a jury to determine the defendants' status at the time of the alleged attack and determine whether to credit the plaintiff's claims of an unprovoked beating. Having stated a claim under 42 U.S.C. § 1983, the plaintiff's complaint has properly invoked the federal question jurisdiction of this court. *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Johnston v. Spriggs* 77 F.R.D. 492, 493 -494 (D.C.La. 1978). Therefore the motion to dismiss for lack of subject matter jurisdiction is not well taken.

## CONCLUSION

The undersigned recommends that the City of Greenwood and its police department be granted summary judgment in accordance with the holdings of *Monell* (Doc 26.) The undersigned recommends that the motion to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction (Doc. 28) filed by the defendants Roach and Williams be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.

8

Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 15th day of December, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE